UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

WILLIAM T. HOUSTON )
)
Petitioner, )
)
v. ) 3:00-cv-630
) 3:96-cr-092
) *Jordan*
)
UNITED STATES OF AMERICA )
)
Respondent. )

## MEMORANDUM OPINION

Petitioner William T. Houston ("Houston") has filed a motion to vacate, set aside or

correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion will

be **DENIED**.

Houston was convicted by a jury of being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g). He was sentenced as an armed career criminal, pursuant to

18 U.S.C. § 924(e), to a term of imprisonment of 210 months. The sentence enhancement

was based on three predicate violent felonies: felonious assault, escape, and murder. On

direct appeal, the sole issue was whether escape can be used as a predicate offense under the

Armed Career Criminal Act (ACCA). The Sixth Circuit held, as a matter of first impression,

that it can and affirmed Houston's sentence. *United States v. Houston*, 187 F.3d 593 (6th Cir.

1999), *cert. denied*, 528 U.S. 1094 (2000).

In support of his § 2255 motion, Houston alleges the following: (1) the U.S. Attorney's Office misinstructed the grand jury as to constructive possession of firearms in order to obtain an indictment; (2) the indictment did not contain the penalty provision under which he was sentenced; and (3) counsel was ineffective in failing to challenge the indictment.

Houston has provided no proof to support his allegation that the grand jury was not instructed properly. There was evidence at trial that Houston was brandishing the gun that was found in his jacket pocket. [Criminal Action No. 3:96-cr-92, Court File No. 40, Excerpt of Proceedings, pp. 23-24]. This claim lacks merit.

With respect to his claim that the indictment was defective, Houston relies on the Supreme Court decisions of *Jones v. United States*, 526 U.S. 227 (1999), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Houston alleges that the penalty provisions of 18 U.S.C. § 924 are elements of the offense and, because they were not set forth in the indictment, the court lacked jurisdiction to sentence him.

In *Jones*, the U.S. Supreme Court held that the provisions of the carjacking statute establishing higher penalties to be imposed when the offense resulted in serious bodily injury or death set forth additional elements of the offense. In a footnote, the Court noted the following:

> [U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.

*Jones v. United States*, 526 U.S. at 243 n.6. The Court restated that principal in *Apprendi*: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Apprendi v. United States*, 530 U.S. at 490.

Houston's enhanced sentence as an armed career criminal was based upon his prior convictions and thus *Jones* and *Apprendi* were not implicated. *See United States v. Carnes*, 309 F.3d 950, 956 (2002) (argument by defendant sentenced as an armed career criminal that his three prior violent felony convictions constituted elements of the offense that "must be alleged and proven in an indictment" pursuant to *Apprendi* lacked merit because "prior convictions are sentencing factors and need not be alleged in an indictment or proven beyond a reasonable doubt"); *cf. United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004), *cert. denied,* 125 S. Ct. 1692 (2005) (requirement of ACCA that prior felony convictions must have been committed on "different occasions" comes within the *Apprendi* exception for a prior conviction and thus "need not be pled in an indictment, submitted to a jury, and proved beyond a reasonable doubt").

Houston alleges he was denied the effective assistance of counsel at trial and on appeal because his attorney did not raise the above challenges to the indictment. As the court has noted, however, such challenges would lack merit. The failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990). Likewise, an attorney is not

required to raise meritless issues on appeal. *Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993).

It plainly appears from the face of the motion and the prior proceedings in the case that Houston is not entitled to relief in this court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** and this action **DISMISSED**.

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Houston leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE. Houston having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

_____s/ Leon Jordan_____
United States District Judge
